**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL A. NEWSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )   Case No. 4:25-cv-450-JSD |
| NATURE'S BAKERY, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Michael A. Newson brings this employment discrimination action against his prior employer, Nature's Bakery. Now before the Court is Plaintiff's amended complaint. ECF No. 4. Because Plaintiff is proceeding *in forma pauperis*, his complaint must be reviewed under 28 U.S.C. § 1915(e). Based on such review, the Court will issue service on defendant Nature's Bakery.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).

However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## Background

Plaintiff filed his original complaint on April 4, 2025. ECF No. 1. Plaintiff complained that he was fired from his employment at Nature's Bakery, but failed to identify the grounds on which he was discriminated. He also failed to identify the protected class of which he was a member, failed to state the facts of the claim, and made no request for relief.

On June 25, 2025, the Court ordered Plaintiff to file an amended complaint. The Court explained that Plaintiff must identify the statute under which is seeks to bring his case. ECF No. 4 at 3. The Court further ordered Plaintiff to state the factual allegations that would support his claim for employment discrimination. *Id*.

## Amended Complaint

Plaintiff filed his amended complaint on July 11, 2025. ECF No. 5. Plaintiff copies and

pastes his EEOC charge of discrimination letter into the complaint. *Id*. at 5-6. This letter states that he believes he was discriminated against based on his race and his gender, identifying himself as a black man. *Id*. at 5. He states that he worked for the Defendant for approximately 40 years and never had any disciplinary action in that time. *Id*. In October 2024, the Defendant's facility suffered a power outage and lost lighting. *Id*. The employees were sent home because the facility was "too dark and unsafe to work in." *Id*. Plaintiff states that, just before he left, a white man, who Plaintiff had never met, told him to clean an area filled with "scrap machines." *Id*. Plaintiff refused because he believed it was unsafe to work in the dark. *Id*. Plaintiff was fired the next day for insubordination, after learning that the white man at issue was a maintenance supervisor. *Id*.

Plaintiff gives two examples of female employees who were insubordinate but were not fired. *Id*. at 6. One of these female employees got into a loud argument with a supervisor and was only given a light reprimand. *Id*. Plaintiff states that he was calm and respectful during his conversation with the maintenance supervisor, yet he was severely punished by way of termination. *Id*.

For relief, Plaintiff requests back pay and lost wages from the date of his termination. *Id*. at 7. He also requests compensation for emotional distress and suffering.  *Id*.

## Discussion

Because he is proceeding *in forma pauperis*, the Court has reviewed Plaintiff's amended complaint under 28 U.S.C. § 1915. Based on a careful review and liberal construction of the filings before the Court, the Court will direct that the Clerk issue process or cause process to issue on Defendant Nature's Bakery.

Plaintiff asserts that he was fired due to his race and sex, which brings this case under the purview of Title VII. The purpose of Title VII is to ensure a workplace environment free of

3

discrimination. *Ricci v. DeStefano*, 557 U.S. 557, 580 (2009). The act prohibits "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Winfrey v. City of Forrest City, Ark.*, 882 F.3d 757, 758 (8th Cir. 2018).

Before filing an action under Title VII in federal court, a plaintiff must first exhaust his or her administrative remedies. *Lindeman v. Saint Luke's Hosp. of Kansas City*, 899 F.3d 603, 608 (8th Cir. 2018). *See also Brooks v. Midwest Heart Grp.*, 655 F.3d 796, 800 (8th Cir. 2011) (stating that "Title VII establishes an administrative procedure which a complaining employee must follow before filing a lawsuit in federal court"); and *Briley v. Carlin*, 172 F.3d 567, 571 (8th Cir. 1999) (explaining that a Title VII claimant is required to demonstrate good faith participation in the administrative process). "To exhaust administrative remedies an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue." *Rush v. State of Arkansas DWS*, 876 F.3d 1123, 1125 (8th Cir. 2017).

In this case, regarding exhaustion, Plaintiff has provided a copy of his "Charge of Discrimination" with the EEOC and incorporated it into his facts of the claim. ECF No. 5 at 5-6. Additionally, he has provided a copy of his "Notice of Right to Sue" letter. ECF No. 5-1. The right to sue letter was dated March 28, 2025, and gave him ninety days to commence this civil action. As such, the original complaint filed on April 4, 2025, is timely and exhausted.

As to the sufficiency of the factual allegations, the Court notes that Title VII prohibits workplace discrimination, including discrimination based on sex and race. To that end, Plaintiff contends he was both terminated due to his race and sex as a black man. The Court must accept these allegations as true and make all reasonable inferences in Plaintiff's favor. *See Jones v.*

4

*Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). More to it, the Court must hold his complaint to less stringent standards than formal pleadings drafted by lawyers, as he is a self-represented litigant. *See Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014). Therefore, the Court will direct the Clerk of Court to issue process on Defendant Nature's Bakery.

Accordingly,

**IT IS HEREBY ORDERED** Plaintiff's motion for service [ECF No. 6] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue as to Defendant Nature's Bakery at the address provided by Plaintiff: 8860 Pershal Road, St. Louis, Missouri 63042.

Dated this 19th day of November, 2025.

_____
JOSEPH S. DUEKER
UNITED STATES MAGISTRATE JUDGE